IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HOWARD L. LANGFORD,

    Plaintiff,

vs.

FATHER FLANAGAN'S BOYS' HOME,

    Defendant.

8:23CV12

ORDER

    This matter comes before the Court on the Motion to Compel (Filing No. 35) filed by Defendant, Father Flanagan's Boys' Home. Defendant moves the Court for an order pursuant to Fed. R. Civ. P. 37 compelling Plaintiff, Howard Langford, to respond to Defendant's Interrogatories and Requests for Production of Documents. Defendant further requests a Court order (1) requiring Plaintiff to pay the reasonable expenses, including attorney's fees, incurred by Defendant in making this motion (including prior expenses incurred from unsuccessful meet-and-confer efforts and for the telephonic hearing), and (2) staying further proceedings until Plaintiff obeys the order to provide discovery.

## BACKGROUND

    Plaintiff, proceeding without counsel, commenced this action in Douglas County District Court on December 5, 2022, to complain of Defendant's "racially discriminatory practices as prohibited by" Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000(e) et seq., the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 et seq., and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 et seq. (Filing No. 1 at p. 5). Defendant removed the action to this Court on January 12, 2023, and filed a partial motion to dismiss Plaintiff's claims. (Filing No. 1; Filing No. 4). The Court dismissed Plaintiff's claims for race discrimination and retaliation under Title VII, but otherwise permitted Plaintiff's claims to proceed. (Filing No. 9).

    On March 21, 2023, the Court entered a Case Progression Order (Filing No. 11) permitting the parties to commence discovery. On May 22, 2023, Defendant served Interrogatories, Requests for Production of Documents, and Requests for Admissions upon Plaintiff. (Filing No. 17). On June 26, 2023, Defendant received Plaintiff's Response to

Defendant's Requests for Admissions via mail, but did not receive his Answers to Interrogatories or Responses to Requests for Production. Defense counsel attempted to meet and confer with Plaintiff to obtain full responses, but was unsuccessful.

On November 1, 2023, Plaintiff filed a motion to continue case progression deadlines due to his severe medical issues. ([Filing No. 29](#)). In response, Defendant requested the Court's assistance in obtaining Plaintiff's outstanding discovery responses. ([Filing No. 30](#)). The Court set the matter for a telephonic hearing on November 7, 2023. (Filing No. 31).

During the hearing on November 7, 2023, the Court held arguments and discussion with Plaintiff and counsel for Defendant regarding case progression and the status of written discovery. During the hearing, the Court reminded Plaintiff of his duty to respond to Defendant's discovery requests, even though he is proceeding pro se. The Court specifically instructed Plaintiff to serve his answers to interrogatories and produce documents in his possession responsive to Defendant's requests for production. (Filing No. 32; [Filing No. 34](#)). After the hearing, the Court entered a Second Amended Case Progression Order ([Filing No. 33](#)) providing, "The deadline for the plaintiff to respond to all outstanding written discovery is December 7, 2023. The defendant is given leave to file a motion to compel should the plaintiff fail to timely respond." The Court also extended other case progression deadlines as requested by Plaintiff in his motion to continue.

Defendant filed the instant motion to compel on December 19, 2023, after Plaintiff failed to provide his answers and responses to written discovery as ordered. ([Filing No. 35](#)). Plaintiff did not respond to the motion.

**DISCUSSION**

Defendant seeks an order compelling Plaintiff to answer interrogatories and to respond to requests for production of documents. Rule 37 of the Federal Rules of Civil Procedure permits a party to move the Court for an order compelling answers or production when a party fails to respond to written discovery requests. See [Fed. R. Civ. P. 37(a)(3)(B)](#). Although Plaintiff is proceeding pro se, he nevertheless has a duty to respond to written discovery requests—and to comply with court orders—so that Defendant can assess the merits of Plaintiff's claims and prepare its defenses. See [*Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)](#) ("In general, *pro se* representation does not excuse a party from complying with a

court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "*pro se* status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]")); *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery.").

      The Court previously reviewed Defendant's discovery requests and had explicitly ordered Plaintiff to fully respond to Defendant's Interrogatories and to produce documents in his possession responsive to Defendant's requests for production. (Filing No. 33; Filing No. 34). The Court ordered Plaintiff to do so by December 7, 2023, but as of the date of this Order, has not. Plaintiff also did not respond to Defendant's motion. Because Plaintiff has not responded to the written discovery, the Court will grant Defendant's motion to compel and order Plaintiff to serve his answers to Defendant's Interrogatories, and to serve documents in his possession responsive Defendant's Request for Production of Documents, by **February 9, 2024**. Plaintiff is warned that failure to comply with this Order compelling discovery may result in the Court's award of appropriate sanctions upon Defendant's motion, including dismissal of this action, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii) and (b)(2)(A).

      Additionally, Rule 37(a)(5)(A) provides that, if a motion for an order compelling discovery under this rule is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Although the Court understands Defendant's frustration and recognizes the significant time expended over several months in an attempt to obtain simple written discovery from Plaintiff, the Court finds an award of expenses under the circumstances would be unjust. Plaintiff is proceeding pro se, has been suffering from serious medical issues, and is facing an alternate sanction of dismissal of his case for his failure to provide written discovery. As such, the Court will not require Plaintiff to pay Defendant's fees.

      Defendant also requests the Court stay further proceedings in this case until Plaintiff responds to written discovery. No case progression deadlines, aside from Plaintiff's expert

witness disclosure deadline, will expire prior to February 9, 2024. At this time, the Court declines to stay further proceedings in this case, but reminds Plaintiff that he has a duty to comply with Court orders and to prosecute his case; Plaintiff's failure to comply with this Order will result in entry of an appropriate sanction, which may include dismissal of his case.

Accordingly,

**IT IS ORDERED**:

1. Defendant's Motion to Compel ([Filing No. 35](#)) is granted.
2. Plaintiff shall serve his answers to Defendant's Interrogatories and documents in his possession responsive Defendant's Request for Production of Documents, by **February 9, 2024.**
3. Plaintiff is warned that failure to comply with this Order may result in the Court's entry of an appropriate sanction upon Defendant's motion, including dismissal of this action.

Dated this 11th day of January, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge