IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOWARD L. LANGFORD,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>FATHER FLANAGAN'S BOYS' HOME,<br><br>　　　　　　Defendant. | 8:23CV12<br><br>FINDINGS AND RECOMMENDATION |

　　　This matter comes before the Court on Defendant's Motion for Sanctions (Filing No. 39). Defendant requests dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and (d)(1)(A)(ii) for Plaintiff's continued failure to comply with this Court's orders, including the Court's January 11, 2024 Order (Filing No. 37) compelling Plaintiff to respond to Defendant's discovery requests. Defendant alternatively asks that the Court order Plaintiff to pay Defendant's reasonable expenses incurred in making this motion, and to stay these proceedings until Plaintiff obeys the order compelling his discovery responses. Plaintiff did not respond to the motion. For the following reasons, the Court will recommend that Plaintiff's Complaint be dismissed, without prejudice, as an appropriate sanction for Plaintiff's failure to respond to written discovery and continued disobedience of the Court's orders.

## BACKGROUND

　　　Plaintiff, proceeding without counsel, commenced this action in Douglas County District Court on December 5, 2022, to complain of Defendant's "racially discriminatory practices as prohibited by" Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 et seq., and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 et seq. (Filing No. 1 at p. 5). Defendant removed the action to this Court on January 12, 2023, and filed a partial motion to dismiss Plaintiff's claims. (Filing No. 1; Filing No. 4). The Court dismissed Plaintiff's claims for race discrimination and retaliation under Title VII, but otherwise permitted Plaintiff's claims to proceed. (Filing No. 9).

　　　On March 21, 2023, the Court entered a Case Progression Order (Filing No. 11) permitting the parties to commence discovery. On May 22, 2023, Defendant served

Interrogatories, Requests for Production of Documents, and Requests for Admissions upon Plaintiff. (Filing No. 17). On June 26, 2023, Defendant received Plaintiff's Response to Defendant's Requests for Admissions via mail, but did not receive his Answers to Interrogatories or Responses to Requests for Production. Defense counsel attempted to meet and confer with Plaintiff to obtain full responses, but was unsuccessful.

On November 1, 2023, Plaintiff filed a motion to continue case progression deadlines due to his severe medical issues. (Filing No. 29). In response, Defendant requested the Court's assistance in obtaining Plaintiff's outstanding discovery responses. (Filing No. 30). The Court set the matter for a telephonic hearing on November 7, 2023. (Filing No. 31).

During the hearing on November 7, 2023, the Court held arguments and discussion with Plaintiff and counsel for Defendant regarding case progression and the status of written discovery. During the hearing, the Court reminded Plaintiff of his duty to respond to Defendant's discovery requests, even though he is proceeding pro se. The Court specifically instructed Plaintiff to serve his answers to interrogatories and produce documents in his possession responsive to Defendant's requests for production. (Filing No. 32; Filing No. 34). After the hearing, the Court entered a Second Amended Case Progression Order (Filing No. 33) which provided, "The deadline for the plaintiff to respond to all outstanding written discovery is December 7, 2023. The defendant is given leave to file a motion to compel should the plaintiff fail to timely respond." The Court also extended other case progression deadlines as requested by Plaintiff in his motion to continue.

Defendant filed a motion to compel on December 19, 2023, after Plaintiff failed to provide his answers and responses to written discovery as ordered. (Filing No. 35). Plaintiff did not respond to that motion. On January 11, 2024, the Court entered a written Order granting Defendant's motion and compelling Plaintiff to answer Defendant's interrogatories and to respond to requests for production of documents. (Filing No. 35). In its Order, the Court once again reminded Plaintiff that, although he is proceeding pro se, he is nevertheless required to respond to written discovery so that Defendant could assess the merits of his claims and prepare its defenses. See Filing No. 35 at pp. 2-3 (quoting *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery.")). The Court ordered Plaintiff to serve answers to Defendant's Interrogatories and to provide documents in his possession

responsive to Defendant's Requests for Production of Documents by February 9, 2024. The Court explicitly warned Plaintiff that failure to comply with the order compelling discovery may result in the Court's award of appropriate sanctions upon Defendant's motion, including dismissal of his case pursuant to Fed. R. Civ. P. 37(d)(1)(A)(ii) and (b)(2)(A). Defendant filed the instant motion for sanctions on February 13, 2024; as of that date, Defendant still had received no discovery responses from Plaintiff. (Filing No. 39; Filing No. 40-1). Plaintiff also filed no response to the instant motion for sanctions.

Rule 37 of the Federal Rules of Civil Procedure permits the court to sanction a party that fails to obey an order to provide discovery or fails to serve answers or written responses to interrogatories. Fed. R. Civ. P. 37(b)(2)(A) and (d)(1)(A)(ii). Dismissal of the action is one such sanction. Fed. R. Civ. P. 37(b)(2)(A)(v). "To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). "[A] district court has wide discretion to impose sanctions for a party's failure to comply with discovery requests," *United States v. Big D Enterprises, Inc.*, 184 F.3d 924, 936 (8th Cir. 1999), although "[t]he court's 'discretion is bounded by the requirement of Rule 37(b)(2) that the sanction be "just" and relate to the claim at issue in the order to provide discovery.'" *Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 719 (8th Cir. 2002) (quoting *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (1992)). Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." *Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000). A district court need not impose the least onerous sanction available, but the most appropriate under the circumstances. See *id.* District courts have "a large measure of discretion in deciding what sanctions are appropriate for misconduct." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).

Here, the Court finds dismissal of Plaintiff's claims, without prejudice, is warranted as a sanction for his failure to respond to written discovery and his repeated disobedience of the Court's orders. Defendant first served Plaintiff with written discovery on May 22, 2023. Defendant requested the Court's assistance to obtain that discovery. During a telephonic hearing on November 7, 2023, the Court told Plaintiff he must respond to written discovery by December 7, 2023. Defendant filed a motion to compel after Plaintiff failed to do so. On January 11, 2024,

3

the Court granted Defendant's motion to compel, again ordering Plaintiff to serve answers to Defendant's Interrogatories and to provide documents in his possession responsive to Defendant's Requests for Production of Documents by February 9, 2024. Plaintiff again failed to do so. The Court warned Plaintiff that his failure to provide discovery by that date may result in entry of an appropriate sanction, including dismissal of his case. Now, over eight months after Defendant first served written discovery requests, Plaintiff still has not responded to discovery, failed to comply with the Court's Order compelling his responses, and failed to file any response to Defendant's motion to compel or this instant motion for sanctions. Under the circumstances, the Court finds Plaintiff's failure to comply with its order compelling discovery was willful. The Court further finds Defendant will be prejudiced if it is forced to continue to defend against Plaintiff's claims without any participation from Plaintiff in discovery. This is not a situation where Plaintiff has provided inadequate responses or objected to some requests but answered others; Plaintiff simply has provided *no* responses to discovery whatsoever. See *Avionic*, 957 F.2d at 559 (finding party was prejudiced where adversary's failure to participate in discovery impaired the party's ability to assess factual merits of a claim). Accordingly, the Court finds dismissal of this case without prejudice is the most appropriate sanction for Plaintiff's failure to respond to written discovery as ordered. See *Sentis*, 559 F.3d at 899. Upon consideration,

**IT IS HEREBY RECOMMENDED** to Robert F. Rossiter, Jr., Chief United States District Court Judge, that Defendant's Motion for Sanctions (Filing No. 39) be granted, and that the above-captioned case be dismissed without prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and (d)(1)(A)(ii).

Dated this 4th day of March, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

### ADMONITION

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.