IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOWARD L. LANGFORD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FATHER FLANAGAN'S BOYS' HOME,<br><br>　　　　　Defendant. | 8:23CV12<br><br><br>**ORDER** |

　　　　This matter is before the Court on defendant Father Flanagan's Boys' Home's ("Boys Town") Motion for Sanctions (Filing No. 39) against *pro se* plaintiff Howard L. Langford ("Langford") for "failure to provide written discovery responses in violation of this Court's prior Orders (Filing Nos. 37, 33), and in accordance with" Federal Rule of Civil Procedure 37. Reciting Langford's contumacious behavior in this case and noting that Langford has consistently been warned of the consequences of continued noncompliance, Boys Town asks that this case be dismissed pursuant to Rule 37(b)(2)(A)(v) and (d)(1)(A)(ii).[1]

　　　　The Court referred the motion to the magistrate judge[2] for review under 28 U.S.C. § 636(b)(1). After a thorough review, the magistrate judge issued a Findings and Recommendation (Filing No. 41) recommending the Court grant Boys Town's motion and dismiss this case without prejudice "as an appropriate sanction for [Langford's] failure to respond to written discovery and continued disobedience of the Court's orders." The magistrate judge also advised Langford that he had fourteen days to object and that failing

---

　　　　[1]Noting the Court's stated reluctance to award attorney fees and expenses in the circumstances of this case, Boys Town alternatively requests such fees and expenses only if the Court denies its request for dismissal. *See* Fed. R. Civ. P. 37(a)(5).

　　　　[2]The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

"to timely object" could constitute a waiver of any objection. *See id.* (allowing fourteen days to object); NECivR 72.2(f) ("Failure to object to a finding of fact in a magistrate judge's recommendation may be construed as a waiver of the right to object to the district judge's order adopting the recommendation of the finding of fact."). Despite that warning, Langford has not responded to Boys Town's motion or the magistrate judge's Findings and Recommendation, and the time to object has now passed.

Section 636(b)(1) generally requires the Court to "make a de novo review of . . . specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(2)-(3). But if no one objects, further review is unnecessary. *See Thomas v. Arn*, 474 U.S. 140, 149-150 (1985); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009) ("[T]he failure to file objections eliminates not only the need for de novo review, but *any* review by the district court.").

Still, the Court can always take another look if it thinks the circumstances warrant it. *See Thomas*, 474 U.S. at 154 ("[W]hile the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard."). Given the severity of the recommended sanction in this case, the Court has conducted a de novo review of the matter, including—like the magistrate judge—the possibility of imposing a lesser sanction. *See Hawkeye Gold, LLC v. China Nat'l Materials Indus. Imp. & Exp. Corp.*, 89 F.4th 1023, 1037 (8th Cir. 2023) (discussing the wide latitude district courts have in choosing an appropriate sanction under Rule 37 and the importance of considering lesser sanctions); *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 704-05 & n.4 (8th Cir. 2018) (describing the requirements for imposing dismissal as a sanction under Rule 37(b)(2) as "strict").

Having done that, the Court fully agrees with the magistrate judge that dismissal is the appropriate sanction under the circumstances of this case. *See Vanderberg*, 906 F.3d at 705 ("The district court did not abuse its discretion by not imposing a lesser sanction

when [the plaintiff] never requested one."). As the magistrate judge notes, Langford not only failed to respond to discovery, he also repeatedly disobeyed court orders despite being warned of the potential consequences.

For those reasons and the reasons described more fully in the Findings and Recommendation,

IT IS ORDERED:
1. The magistrate judge's Findings and Recommendation (Filing No. 41) is accepted in its entirety. Any objections are deemed waived.
2. Defendant Father Flanagan's Boys' Home's Motion for Sanctions (Filing No. 39) is granted. Its alternative requests are denied as moot.
3. This case is dismissed without prejudice, with each party to bear their own fees, costs, and expenses.

Dated this 5th day of April 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

3